ATLANTIC MILLS, INC., Plaintiff, *v.* THE NEW YORK CENTRAL
RAILROAD COMPANY, Defendant.

Supreme Court, Columbia County, January, 1926.

Easements — action for trespass and to restrain defendant from using right of way over land which was granted by plaintiff's predecessor — right of way was originally granted in 1869 in deed of Hudson river front property to Delaware and Hudson Canal Company — easement gave grantee right of way for railroad tracks across property of plaintiff's predecessor to make connections with another railroad — evidence — judicial notice will be taken of general character of business of original grantee — presumption that right of way was for railroad purposes — right was one in gross and not attached to dock property — right in gross is transferable — easement not overburdened where limited to original purpose — easement was not abandoned, since it has been used since 1910 — easement could be conveyed to private persons and would not be forfeited if land is not devoted to other uses — plaintiff cannot complain of limited power of railroad corporations to transfer easements — easement is in perpetuity and use in conformity with grant cannot be restrained.

In an action to recover damages for a trespass over plaintiff's lands and for a permanent injunction, in which it appears that in 1869 plaintiff's predecessor in title granted to the Delaware and Hudson Canal Company a strip of land on the Hudson river front at Hudson, N. Y., and also a right of way for two railroad tracks across lands owned by plaintiff's predecessor, for the purpose of making connection with another railroad, the court will take judicial notice of the general character of the business of the Delaware and Hudson Canal Company.

Since the Delaware and Hudson Canal Company was, at the time of the grant, empowered to act as a canal company and also as a railroad corporation, it was proper for it to take the conveyance of a right of way for railroad purposes, and the presumption is that the grant in question, so far as it concerns the right of way, was for such purposes.

There is nothing in the deed to indicate that the right of way was solely for the benefit of the dock property conveyed to the Delaware and Hudson Canal Company, but it is apparent that the right of way was to be used as a link in the transportation system of the grantor and other railroads, and that the dock property was simply another link in that system, and, therefore, it must be held that the right of way was not incident to the dock property.

The right of way in question was a right in gross not tied to any other property, and it was under the law of this State transferable the same as an estate in lands.

Since the right of way in question was granted for railroad purposes although it was not used at all until 1910, it has not been overburdened by the act of the defendant or its predecessor in constructing a railroad over it, nor was it lost by abandonment or otherwise, by the mere fact that for about forty years it was not used for the purposes for which it was granted or for any purpose, since it has been used since 1910 for railroad purposes.

The conveyance of this easement or right in gross to private corporations possessing no railroad powers did not work a forfeiture, for the land was not devoted at any time to uses contrary to the grant and being a right in gross it could be

**350**  ATLANTIC MILLS, INC., *v.* NEW YORK CENTRAL R. R. CO.

Supreme Court, January, 1926.                    [Vol. 126

transferred to any person and could be used by any person for the purposes specified in the original grant.

Since the easement or right of way is in perpetuity its use for railroad purposes as contemplated by the original grant cannot be restrained, and the defendant is entitled to maintain its railroad tracks over the same.

ACTION to recover damages for a trespass and for a permanent injunction.

*John V. Whitbeck, Jr.,* for the plaintiff.

*Chadbourne, Stanchfield & Levy,* for the defendant.

STALEY, J.  In the year 1869 the Hudson Iron Company, being the owner of a considerable tract of land in the city of Hudson, conveyed a portion thereof in fee to the president, managers and company of the Delaware and Hudson Canal Company extending about 630 feet along the Hudson river front.  In addition to this parcel of land the Hudson Iron Company also conveyed the following right of way, to wit: "And also a right of way for two rail tracks not exceeding Thirty Three (33) feet in width in all, across said Hudson Iron Company's lands for rail tracks to form connections with the Hudson and Boston Railroad and crossing the Hudson River Railroad at a point Southerly not less than five hundred and seventy five (575) feet from the center of the present main track of the Hudson and Boston Rail Road where it crosses the Hudson River Rail Road track, subject to the covenants and agreements hereinafter contained."

The Hudson Iron Company covenanted that the canal company might take from its furnaces one-half of the cinders made by such furnaces for the purpose of filling in the premises and right of way, and it was further covenanted that the Hudson Iron Company might have the right to connect by switches the railroad tracks to be laid across the lands conveyed, but not for the standing of cars on the said tracks, nor for the transportation of coal over the same, except that used for the purposes of the Hudson Iron Company under its then certificate of incorporation.

The premises so conveyed to the Delaware and Hudson Canal Company have changed hands from time to time, until at present the title is vested in the Knickerbocker Portland Cement Company. The plaintiff here has succeeded to the title to the lands upon which said right of way was granted.

In 1911 the Knickerbocker Portland Cement Company leased the said right of way to the Hudson River Railroad Company for a period of ten years.  In 1910 the right of way was first used when the Knickerbocker Portland Cement Company built a track across plaintiff's property.

Plaintiff's contention is that the grant of the right of way was appurtenant to the dock property; that it was an easement appurtenant to that property, and, therefore, could not be leased or otherwise disposed of separate and apart from the dock property. The plaintiff also contends that there has been an increase of burden upon this easement by reason of its general use by the lessee railroad company.

With reference to plaintiff's first contention, that the easement in question was appurtenant to the dock property which was the dominant estate, it cites numerous authorities to the effect that an easement imposed upon corporeal property cannot exist independently of its connection with the dominant estate, and, therefore, it cannot be conveyed except as an appurtenant to that estate. Plaintiff also cites authorities to the effect that an easement in gross, that is, one not attached to a dominant estate, being a mere personal right, is neither assignable nor inheritable.

First of all, does the easement in question purport to be an easement in gross, or is it of such a nature as to be imposed solely for the benefit of the dock property? To determine this reference may be made to the situation of the parties at the time of the grant in order to apply the writing to the subject-matter. (*Middleworth v. Ordway,* 191 N. Y. 404, 416.)

The right of way in question was created in 1869 by a conveyance to the president, managers and company of the Delaware and Hudson Canal Company, which was a common carrier. While it does not appear in the stipulated facts as to the character of the business carried on by the Delaware and Hudson Canal Company, this company has occupied such an important position in relation to transportation and commerce in this State, and so many statutes appear in the statute books in relation to its powers, that I believe judicial notice may be taken of the fact of the general character of its business.

The Delaware and Hudson Canal Company was incorporated by chapter 238 of the Laws of 1823 for the purpose of building a canal to connect the city of New York and other parts of the State with the coal mines in Pennsylvania, and adequate powers were given to it to enable it to carry out this project. After its original incorporation, by various statutes, its powers were increased. (See Laws of 1824, chap. 174; Laws of 1825, chap. 220; Laws of 1827, chap. 62; Laws of 1829, chap. 346; Laws of 1830, chap. 34; Laws of 1830, chap. 242; Laws of 1862, chap. 314; Laws of 1863, chap. 50; Laws of 1867, chap. 841.)

By chapter 841 of the Laws of 1867 the Delaware and Hudson Canal Company was given the power to construct, own and main-

**352**  ATLANTIC MILLS, INC., *v.* NEW YORK CENTRAL R. R. CO.

Supreme Court, January, 1926. [Vol. 126

tain railroads within this State, and to lease the same, and to contract with other railroad corporations for the purpose of transporting coal, and in that connection it was given all the powers and privileges of the act of 1850 (Laws of 1850, chap. 140) authorizing the formation of railroad corporations and regulating the same.

The Delaware and Hudson Company, therefore, being not only a canal corporation, but a railroad corporation as well, it was proper for it to take a conveyance of a right of way for railroad purposes, and the presumption is that the grant was for such purposes. (*Yates* v. *Van De Bogert*, 56 N. Y. 526.)

Nothing in the deed indicates that the right of way in question was to be used solely for the benefit of the dock property, except that the conveyance of the dock property and the easement is contained in the same deed and the easement extends from the dock property. But a much greater use of the easement was contemplated by the parties. It was to be used as a link in the transportation system of the grantor and other railroads. The dock property was another link in the system. Both were dependent upon each other, but only as every part of the right of way of a railroad is necessary to the enjoyment of every other part. Nothing in the situation resembles a mere private right of way to be used by the owner of a dominant estate solely for the benefit of his property. My conclusion, therefore, is that the right of way in question was granted for general railroad purposes and purported to be in gross rather than for the mere benefit of the dock property. The deed is to be construed most strongly against the grantor. (*Allerton* v. *New York, L. & W. R. Co.*, 199 N. Y. 489, 495.)

As to the contention of plaintiff that there cannot be an easement in gross which is transferable, it is now settled in this State, at least, that such an easement may be created and that it is transferable and inheritable like an estate in lands. It may be that a right of this sort should be called a right in gross, rather than an easement, confining the latter term to those servitudes which require a dominant estate, but this is a mere matter of terminology. The right in question resembles an easement and it is convenient to so speak of it. (*Saratoga State Waters Corporation* v. *Pratt*, 227 N. Y. 429; *Mayor* v. *Law*, 125 id. 380.)

Public easements, as for example highways, require no dominant estate. While railroad rights of way are not public highways nor public easements in a strict sense, yet they possess some of the characteristics of a public easement. The use is a public one, although they are possessed by a private corporation. (*Porter* v. *International Bridge Co.*, 200 N. Y. 234, 245.) Moreover, a rail-

road right of way is not imposed upon lands for the benefit of other corporeal property as in an ordinary private easement of a right of way. The easement is not designed for ingress or egress from any particular lands, but for transportation purposes of the public. (*Matter of New York Central & H. R. R. R. Co.* v. *Metropolitan Gas-light Co.*, 63 N. Y. 326.)

Since the easement in question was created for railroad purposes, it has not been overburdened. Nor do I think it has been lost by abandonment or otherwise. The use of the easement for a number of years last past precludes any intention to abandon it. The conveyance of the easement to private corporations, probably without railroad powers, would not work a forfeiture if the land was not devoted to other uses. The right of way was created by grant for railroad purposes. All that plaintiff may insist upon is that it be used for those purposes. (*Miner* v. *New York Central & H. R. R. R. Co.*, 123 N. Y. 242.) Being in gross it might be transferred as any estate in lands may be transferred. As far as plaintiff is concerned, it is the use for railroad purposes which it may insist upon, not that it be used by any particular railroad corporation.

While railroad corporations have been denied the right to transfer or lease their rights of way, this has resulted from their disability as corporations, rather than because of a limited estate possessed by them where such estate did not purport to be a limited one. (*Miner* v. *New York Central & H. R. R. R. Co.*, 123 N. Y. 242; Railroad Law, art. 4; *Troy & Boston Railroad Co.* v. *Boston, Hoosac Tunnel & Western Railway Co.*, 86 N. Y. 107; *Woodruff* v. *Erie R. Co.*, 93 id. 609; *Roby* v. *New York Central & H. R. R. R. Co.*, 142 id. 176.)

Where title is acquired by condemnation it ofttimes happens that it confers but a limited right to use the property. But even where property is taken *in invitum* if the fee has been acquired it may be dealt with, at least as between the grantor and grantee, in any way consistent with the estate held and is not limited by the character of the use to which it has been devoted, nor to the particular corporation holding the title. (*Heard* v. *City of Brooklyn*, 60 N. Y. 242; *Heath* v. *Barmore*, 50 id. 302; *Hudson & Manhattan R. R. Co.* v. *Wendel*, 193 id. 166; *Miner* v. *New York Central & H. R. R. R. Co.*, 123 id. 242; *Roby* v. *New York Central & H. R. R. R. Co.*, 142 id. 176.)

The distinction ofttimes made in the cases between a fee and an easement is based upon the use of these terms as indicating the uses to which the land or the right may be devoted. A fee in this

sense signifies the land itself and the sum of all the uses to which land may be devoted, while an easement or incorporeal heredita.-ment is confined to a limited use.

Nevertheless, in so far as duration of the estates is concerned, an easement or right in gross may be perpetual and inheritable and transferable as a fee in lands. (*Miner* v. *New York Central & H. R. R. R. Co.*, 123 N. Y. 242.)

The grant in question conveyed the easement in perpetuity and since it is now being used in conformity to the grant, the defendant is entitled to judgment.

Findings of fact and conclusions of law may be presented in accordance with this memorandum awarding judgment to defendant, with costs.