John C. Wheeler, Off. Ref.
The plaintiff in this action is seeking injunctive relief and damages arising out of defendant’s alleged trespass in constructing a pipeline for gas across plaintiff’s lands.
The material facts are not in dispute. Defendant’s predecessor in title, Belmont Quadrangle Drilling Corporation (hereinafter referred to as Belmont) on or about December 3, 1930, became the owner in fee of a 101-acre parcel of land, the subject of this litigation, situate in the Town of Tyrone, Schuyler County. Thereafter and on or about July 28, 1931, Belmont conveyed by warranty deed said parcel of land to plaintiff’s predecessor in title, Morte M. Rarrick, subject to three separate exceptions and reservations, numbered for convenient reference, first, second and third.
In the first, Belmont reserved unto itself 1 ‘ its successors and assigns all oil, gas and other minerals in, on, or under said lands ” with full right to drill, lay pipelines, and erect all necessary facilities “for the said purpose of drilling, operating or producing”. In the second, the right is reserved to Belmont “ its successors and assigns ” to enter upon the lands for the purpose of drilling and producing. The third, which is particularly pertinent to the questions here involved is as follows: 11 Also, saving, excepting and reserving unto the grantor, its successors and assigns, any. rights of way for pipe lines which it may at any time desire to lay over or across said lands and the right to enter thereon for the purpose of installing, maintaining and removing such-pipe line or lines.”
On August 10, 1932 Rarrick conveyed by warranty deed to plaintiff and her now deceased husband said parcel of land, subject to the same reservations contained in the Belmont deed. *557 Some 22 years thereafter and in the month of September, 1954, Belmont conveyed by warranty deed to the defendant, Home Gas Company, with other property, all its rights reserved and retained in the said deed given by Belmont to Rarrick. Three years later, in September, 1957 the defendant entered upon the subject property and laid a pipeline four feet beneath the surface for commercial use to transport natural gas in its business as a public utility corporation, said pipeline running across plaintiff’s land a distance of some 2,200 feet. It has been used continuously by defendant for the transportation of natural gas. The foregoing constitutes my findings of the essential facts pertaining to this issue.
It is plaintiff’s contention that defendant’s entry upon her land and the construction of the pipeline was unauthorized under the reservations contained in the Rarrick deed and, therefore, constitutes a trespass. More specifically, the basis for this contention is, (1) the reserved right of way for pipelines as described in the third reservation is incident to the production of gas upon the property; (2) the easement for said right of way contained in the third reservation is neither alienable nor assignable, and (3) said easement had been abandoned by Belmont prior to its attempted conveyance to defendant.
The clear and unambiguous language of the reservations disposes of plaintiff’s contention that the gas line in question was to be used only for transportation of gas produced upon the premises. The first two reservations relate to the right of Belmont to drill and exploit the subject property and, among other things, to lay pipelines to conduct gas from any wells thereon. Neither are directly pertinent to the issue inasmuch as wells have never been drilled upon this property. The third reservation, upon which defendant’s rights are predicated, is unrelated to any drilling upon the premises, but on the contrary, contemplates an additional right to lay a pipeline “ over and across said lands ” for the transport of gas to and from points beyond the boundaries of plaintiff’s property. The fact, if proven, that the line is being used to convey gas to and from storage facilities does not indicate an unauthorized use.
Plaintiff’s assertion that the pipeline easement contained in the third reservation is not assignable or alienable, presents a more complex question.
The easements reserved by Belmont constitute interests in real property, commonly classified as incorporeal hereditaments. In a broad sense there are two classes of easements, i.e., easements appurtenant and easements in gross. If held by reason of the ownership or possession of a dominant tenement, it is *558 defined as appurtenant thereto, and is assignable and inheritable, but if held by the owner independently of his ownership or possession of any specific land, it is regarded as an easement in gross; it differs from an easement appurtenant, in that it does not require a dominant tenement. (28 O. J. S., Easements, § 4, subd. b.)
The general rule relating to the nonassignability of easements in gross has been stated as follows: “ A pure easement in gross is, generally speaking, neither assignable nor inheritable, and is personal to the grantee ”. (Saratoga State Waters Carp. v. Pratt, 227 N. Y. 429, 443.) The pipeline easement reserved by Belmont was not reserved for the benefit of any dominant tenement, or enjoyed by reason of its holding any other estate, and, therefore, by the application of the general rule only, it would appear that the right reserved was a pure easement in gross which could not be assigned or conveyed.
However, there are well-recognized exceptions to the general rule relating to the nonassignability of easements in gross. There is a type of easement known as profit a prendre, which consists of the right to take a part of the soil or product thereof, from the land of another, e.g., the right of taking soil, gravel, minerals and the like. A good example is that contained in the first reservation relating to mineral rights in the Belmont deed. The right of a profit a prendre in gross is assignable and inheritable. (Saratoga State Waters Corp. v. Pratt, supra.) In the instant case the right reserved to Belmont for a pipeline extending across the plaintiff’s property, when considered in relation to the reservation of mineral rights in the first and second paragraphs, comes markedly close to possessing the requisites of a profit a prendre, although it does not contemplate that the owner thereof may actually take a part of the soil or its product.
There is still another class of easements in gross, which, although not possessing the elements of a profit a prendre, may be created so as to be assignable. (28 C. J. S., Easements, § 4, p. 635.) Included in this category are easements in gross of a commercial character. Although there is a dearth of judicial decisions in this State, the trend of competent authorities seems to be in favor of the assignability of this particular type of easement. (2 American Law of Property, §§ 8.75-8.84 [1952]; 5 Restatement, Law of Property, Servitudes, §§ 489-493; 3 Powell, Real Property, § 419 [1952].)
This subject has been treated at length in the Restatement of the Law of Property (supra, § 489): “ Easements in gross, if of a commercial character, are alienable property interests ”. The rationale of the rule is based upon the policy of the law *559 Which in general is ‘ ‘ in favor of a high degree of alienability of property interest's ” (Comment a). Under Comment b it is "stated ‘ ‘ Éas'éin'énts of a commercial character alienable as a matter of law * * * even though not áppurténánt tó k dominant tenement, they are, if of á commercial character, ássuihéd to Be klienkble. * * * An easement ih gross is of a commercial character when the use authorized by it results primarily in economic benefit rather than personal satisfaction.”
These conclusions find ample support in both the American Láw 8f Property and PoWell Oh Real Property. In his comment Oh the views expressed in the Restatement of the Law of Property referred tó above, PoWell sta'tés (Yol. 3, § 419): “In the Judgment Of this áüthor these sections seem to be a true photograph Of the hot distillation of American Law on the topic.” In this same section the author adds “ Easements in gross for railroads, for telephone and telegraph and electric power lines, for pipe lines * * * have been held transferable by -Ameriéan Courts almost without exception
Such must be deemed the law ih this -jurisdiction. It follows, therefore,_ that the third paragraph, in which Belmont reserved unto itself “ its successors and assigns ” the right of way for pipelines, constitutes an easement in gross of a commercial character which is assignable, and which I find was, ih fact, duly assigned to def endant b^ the 1954 deed.
Ñtir do I find ány evidence of acts on the part of Belmont or the defendant indicative of an intention to abandon the easement, except -that relating to nonuser. It is true that an easement may be extinguished by some act or acts showing a cleár intention, to abandon it. However, hohuser does not, of its'elf, produce an abandonment, ho matter how long continued; there must be other acts or circumstances clearly evidencing an intention to abandon. (Restatement, Law of Property, § 504, Comment d; -28 C. J-. S., Easements, § 60, subds. a, b; Mathews Slate Co. v. Advance Indust. Supply Co., 185 App. Div. 74, 80; Adirondack Power & Light Corp. v. Evans, 226 App. Div. 490, 493; Marvin v. Brewster Tron Mining Co., 55 N. Y. 538, 555; Matter of City of New York [Realty Associates], 256 N. Y. 217, 221.)
This is especially true when, as here, an easement has been created by grant or reservation in a deed. Here nonuser so created, for however long, is “ almost universally held not to Constitute an abandonment.” (28 C. J. S., Easements, § 60, subd. b.) The case cited b,y plaintiff, Atlantic Mills v. New York Cent. (126 Misc. 349, revd. 221 App. Div. 386, affd. 248 N. Y. 535) is distinguishable, the court ih that case finding abandon *560 ment because of nonuser, ‘1 under such circumstances as show an intention to abandon ”, (Emphasis supplied.) I, therefore, conclude and find that the easement in the third reservation has not been abandoned.
For the reasons above stated, the defendant is entitled to judgment dismissing the complaint upon the merits, but without costs to either party.