ANTONINA BANACH, Appellant, *v.* HOME GAS COMPANY, Respondent.

Third Department, March 6, 1961.

*Knapp & Knapp* (*Charles P. Knapp* of counsel), for appellant.

*Hinman, Howard & Kattell* (*C. Addison Keeler* of counsel), for respondent.

Coon, J. The defendant has laid a natural gas pipe line four feet under the ground across plaintiff's lands. The installation is complete, although over plaintiff's protest. The defendant claims a right pursuant to an easement to lay and maintain such a pipe line, although concededly it is not used for the transmission of gas produced from or under plaintiff's lands, but is used for the transmission and storage of gas produced elsewhere. Plaintiff contends that the laying of a pipe line for such purposes is not included in its easement; that the easement conveyed to it was nonassignable, and that, in any event, the easement has been abandoned.

In 1931 the Belmont Quadrangle Drilling Corporation (hereinafter called Belmont), was the owner in fee of the lands now owned by plaintiff. In that year Belmont conveyed the lands to plaintiff's predecessor in title, subject to the following reservations:

"SAVING, EXCEPTING AND RESERVING unto the grantor, its successors and assigns, all oil, gas and other minerals in, on or under said lands, together with the full, free and exclusive right to drill, mine and operate for the same, to lay pipes, lines or connections and to erect all structures, buildings, tanks and equipment necessary or useful for said purpose of drilling, operating or producing.

"ALSO SAVING, EXCEPTING AND RESERVING unto the grantor, its successors and assigns, the right of ingress, egress and regress over and across said lands for the purpose of drilling, operating and producing * * *

"ALSO, SAVING, EXCEPTING AND RESERVING unto the grantor, its successors and assigns, any rights-of-way for pipe lines which it may at any time desire to lay over or across the said lands and the right to enter thereon for the purpose of installing, maintaining and removing such pipe line or lines."

In 1932 plaintiff took title to the land subject to these reservations. In 1954 Belmont conveyed to the defendant whatever rights it had under the above reservations. Nothing was done

until 1957, when the defendant constructed the pipe line here involved.

The first two paragraphs of the reservations quoted above clearly relate to and are associated with the production and transmission of gas from the premises. However, the third paragraph has no such limitation. In clear, unequivocal and unambiguous language, Belmont reserved to itself, its successors and assigns, " any rights of way for pipe lines which it may at any time desire to lay over or across the said lands ''. Such language clearly includes the pipe line which the defendant has laid. It is extremely important to note that this was not a grant of an easement by the owner of premises, but was a reservation of an easement by the owner in fee of the entire premises. As such owner in fee Belmont could reserve anything it pleased. Plaintiff had notice of this broad language in the reservation, and presumably paid a consideration for the premises consistent with such a broad reservation. While courts do not favor the granting of easements so broad that they could be used to practically destroy the servient estate, such a rule or tendency has no bearing here. Defendant has not overburdened plaintiff's premises or destroyed it as farm land. Moreover, this is not a case of the ordinary gas and oil lease, nor is it a case of the granting of an easement by the owner of the premises. Instead it is a reservation by the owner of the entire estate who had an absolute right to reserve easements of any nature and in the broadest terms, and only what was left was sold. We conclude that defendant was within its rights in laying the pipe line in question.

We think the easement was alienable and transferable for the reasons stated by the Official Referee in his opinion. This easement was clearly commercial and not personal, and was an easement in gross. We know of no case in this jurisdiction which has .held that easements authorizing the construction of telephone lines, electric lines or gas lines are inalienable.

There is nothing in the record to indicate an intention to abandon the easement, or any affirmative conduct inconsistent with the desire to use the easement. Nonuse alone, even for a long period of time, is not enough to constitute abandonment. (*Strevell* v. *Mink,* 6 A D 2d 350, affd. 6 N Y 2d 850.) Having reached this conclusion, the proposed new evidence for which plaintiff sought a reopening would be immaterial.

The order and judgment should be affirmed, without costs.

BERGAN, P. J., GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Order and judgment unanimously affirmed, without costs.