■ In the Matter of the ESTATE OF A. GRAHAM THOMSON Deceased, et al., Respondents, v JUDITH A. WADE, Appellant.— Judgment unanimously reversed, on the law, without costs, and judgment granted, in accordance with the following memorandum: Plaintiffs now own two parcels of land in Alexandria Bay, the annex parcel bordering the St. Lawrence River, on which a motel has been built, and the Marsden House parcel, which is vacant. They are separated by a parcel now owned by defendant. All three parcels were owned by Edward John Noble prior to their separate conveyances in 1945. The annex parcel chain of title contains no mention of a right-of-way over defendant's parcel, so this litigation resulted from plaintiffs' efforts to obtain a declaration that a right-of-way existed from some other source. The trial court erred in declaring that plaintiffs have a right-of-way between their two parcels of property over land owned by defendant.

The court found that a deed from the Edward John Noble Foundation to plaintiffs in 1980, covering only a right-of-way, was effective in conveying such a right-of-way. We disagree because when Edward John Noble conveyed the parcel now owned by defendant to defendant's predecessor in 1945, he had already conveyed the two parcels now owned by plaintiffs. In the deed to defendant's predecessor, he reserved to himself the right to use the subject parcel. The reservation by Noble in 1945 was at most an easement in gross, which was nontransferable unless commercial. There was no evidence in this case that any interest retained by Noble individually was commercial *(cf. Banach v Home Gas Co.,* 23 Misc 2d 556, *affd* 12 AD2d 373). Thus, there was no interest in the property now owned by defendant which the Foundation could have conveyed. The trial court did not decide whether there were other

sources of a right-of-way claimed by plaintiffs. One possible source was through the Marsden House chain of title. Noble had conveyed that parcel with a right-of-way over what is now defendant's property. However, by that deed the Marsden House parcel became the dominant tenement and defendant's parcel the servient tenement of an appurtenant easement. Plaintiffs as owners of that dominant tenement may not subject the servient tenement to servitude or use in connection with the annex parcel to which the easement is not appurtenant *(see, Mancini v Bard,* 42 NY2d 28; *McCullough v Broad Exch. Co.,* 101 App Div 566, *affd* 184 NY 592).

Plaintiffs also claim a right-of-way by virtue of another reservation in Noble's deed to defendant's predecessor in favor of Noble's grantee of the annex parcel, The Thousand Islands Club. A reservation cannot create a valid interest in a person who is a stranger to the deed *(Tuscarora Club v Brown,* 215 NY 543).

Plaintiffs have failed to prove either an easement by prescription or an easement by necessity. An easement by prescription cannot arise by use of property in common with the general public *(see, Susquehanna Realty Corp. v Barth,* 108 AD2d 909). An easement by necessity cannot arise when access is available through a publicly used waterway *(McQuinn v Tantalo,* 41 AD2d 575, *lv denied* 32 NY2d 610).

Plaintiffs' other arguments, made for the first time on appeal, raise issues unpreserved for our review. Judgment must be entered declaring that plaintiffs as owners of the annex parcel do not have a right-of-way over defendant's land for the benefit of the annex parcel. (Appeal from judgment of Supreme Court, Jefferson County, Lynch, J.—declaratory judgment.) Present—Callahan, J. P., Doerr, Boomer, Green and Pine, JJ.