■ ROBERT V. MERTOWSKI et al., Respondents, v PAUL WERTH-MAN et al., Appellants. [845 NYS2d 617]—

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered April 7, 2006. The order, insofar as appealed from, denied defendants' motion for summary judgment and granted summary judgment to plaintiffs on the issue of the validity of an easement agreement.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking an order directing defendants, who own property adjoining plaintiffs' property, to remove pipes and debris from a septic system and contaminated soil from plaintiffs' easement over defendants' property as well as from plaintiffs' property. In their answer, defendants asserted as a second counterclaim that they are entitled to a determination that plaintiffs' easement in defendants' chain of title is a nullity. Defendants contend on appeal that Supreme Court erred in denying those parts of their motion seeking summary judgment dismissing the complaint and a determination that their property is free from any encumbrances in favor of the property owned by plaintiffs, and in instead determining, in the absence of a formal cross motion by plaintiffs, that plaintiffs are entitled to summary judgment on the issue of the validity of the easement. We affirm.

The record establishes that defendants' predecessors in interest purchased a parcel of property and obtained an easement permitting the construction of a septic system on a portion of the adjoining parcel that ultimately was purchased by plaintiffs. When plaintiffs purchased their parcel in 1999, however, the portion of the parcel encompassing the septic system was excepted from the deed by the grantor corporation, and plaintiffs were granted an easement to use that parcel subject only to the right of defendants' predecessors to operate and maintain the septic system. In 2001, the corporation sold its remaining rights in the parcel to defendants.

Contrary to defendants' contention, the 1999 easement agreement validly granted plaintiffs the right to use defendants' parcel in any manner that was not inconsistent with defendants' right to maintain and repair the septic system, and that easement agreement was not an improper restraint on the alienation of the parcel. "The extent and nature of an easement must be determined by the language contained in the grant, aided where necessary by any circumstances tending to manifest the intent of the parties" (*Hopper v Friery*, 260 AD2d 964, 966 [1999]; *see Herman v Roberts*, 119 NY 37, 42-43 [1890]). "A grantor of an easement may convey or retain that which he desires. In other words he may create an extensive or a limited easement. It is from the language of the conveyance and the pertinent surrounding circumstances that we ascertain what was granted" (*Morgan v Bolsan Realty Corp.*, 48 AD2d 331, 333 [1975], *appeal dismissed* 37 NY2d 921 [1975]; *see Ledley v D.J. & N.A. Mgt.*, 228 AD2d 482 [1996]). Here, the corporation granted plaintiffs an expansive easement over the parcel that was ultimately purchased by defendants. As the owner in fee simple, the corporation "had an absolute right to reserve easements of any nature and in the broadest terms, and only what was left was sold" (*Banach v Home Gas Co.*, 12 AD2d 373, 375 [1961], *lv denied* 10 NY2d 707 [1961]). Defendants purchased the parcel from the corporation with full knowledge of the easement, and thus any hardship on their part was self-created (*see generally Nature Conservancy v Congel*, 296 AD2d 840, 841 [2002], *lv denied* 99 NY2d 502 [2002]). Present—Gorski, J.P., Smith, Centra, Fahey and Green, JJ.