# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

198

CA 13-01644

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

WILLIAM M. HOLST, LARRY J. PIERCE, LILLIAN
BRAUNBACH, DAVID P. MARTIN, LINDA ZGODA-MARTIN,
MARY E. PANKOW, STEVEN SMITH, ROBIN MARIE SMITH,
ROBERT J. MARTIN, CARRIE A. MARTIN, DAVID S.
WINNERT, MICHELE MUELLER, KENNETH J. ULICKI
AND MARILYN M. ULICKI, PLAINTIFFS-RESPONDENTS,

V                                      MEMORANDUM AND ORDER

VICTOR LIBERATORE AND SALLY LIBERATORE,
DEFENDANTS-APPELLANTS.

LAW OFFICE OF RALPH C. LORIGO, WEST SENECA (RALPH C. LORIGO OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

GOODELL & RANKIN, JAMESTOWN (ANDREW W. GOODELL OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from an order and judgment (one paper) of the Supreme
Court, Chautauqua County (James H. Dillon, J.), entered December 4,
2012. The order and judgment, insofar as appealed from, granted the
motion of plaintiffs for summary judgment.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking injunctive
and other relief regarding their right to use an easement over
defendants' property. Supreme Court properly granted plaintiffs'
motion seeking summary judgment and permanently enjoined defendants
from interfering with, blocking, or hindering in any manner the
reasonable and incidental use of the right-of-way over defendants'
property. The deeds, surveys, maps, and " 'pertinent surrounding
circumstances' " established that certain plaintiffs have a right-of-
way to access Chautauqua Lake over the western portion of defendants'
property, as described in a deed granted to defendants' predecessor in
1971 (*Mertowski v Werthman*, 45 AD3d 1312, 1313). The court also
properly concluded that the use of the easement included plaintiffs'
placement of docks in the water, because that was a " 'reasonable use
incidental to the purpose of the easement' " (*Hush v Taylor*, 84 AD3d
1532, 1535; *see Monahan v Hampton Point Assn.*, 264 AD2d 764, 764).

In opposition to the motion, defendants argued that the action
should be dismissed because plaintiffs filed an order to show cause

and complaint, rather than a summons and complaint (*see generally* CPLR 304 [a]).  Plaintiffs' failure to file a summons was a defect in personal jurisdiction, which defendants waived by failing to raise it in their answer or amended answer (*cf. Goldenberg v Westchester County Health Care Corp.*, 16 NY3d 323, 327).  Defendants further argued in opposition to the motion that plaintiffs failed to join as necessary parties other property owners who had the same right-of-way language in their deeds as certain plaintiffs in this case.  That contention, however, was rejected by us on a prior appeal (*Holst v Liberatore*, 105 AD3d 1374, 1375), and our holding constitutes the law of the case (*see Kaufmann's Carousel, Inc. v Carousel Ctr. Co. LP*, 87 AD3d 1343, 1344-1345, *lv dismissed* 18 NY3d 975, *rearg denied* 19 NY3d 938).  We reject defendants' contention in opposition to the motion that plaintiffs also failed to join as a necessary party a property owner who had the same right-of-way language in its deed as defendants.  Plaintiffs were not seeking to use an easement over that nonparty's property but, rather, they seek to use the easement only on defendants' property.  Therefore, that nonparty's interests would not be inequitably affected by the resolution of this action (*see* CPLR 1001 [a]; *Ellison Hgts. Homeowners Assn., Inc. v Ellison Hgts. LLC*, 112 AD3d 1302, 1305).

Entered:  March 21, 2014                    Frances E. Cafarell
                                            Clerk of the Court