■ YASSIN EL-AYOUTY et al., Respondents, v INCORPORATED VILLAGE OF HEAD OF THE HARBOR, Appellant. (And Two Other Actions.)—In an action and related proceedings, *inter alia,* to obtain a use variance permitting the operation of outdoor lighting on plaintiffs-petitioners' (hereinafter plaintiffs) commercial tennis courts in the Incorporated Village of Head of the Habor, the appeals are from three judgments of the Supreme Court, Suffolk County, each entered April 10, 1979, (1) the first of which annulled a determination of the Zoning Board of Appeals (hereinafter Zoning Board) insofar as it denied plaintiffs' application to employ outdoor lighting on its tennis courts and directed the Zoning Board, *inter alia,* to grant the application subject to conditions to be imposed with respect to such use (Index No. 78-11801), (2) the second of which, *inter alia,* annulled, on jurisdictional grounds, a determination of the village board of trustees denying an application for a special permit to operate such lighting (Index No. 78-24753), and (3) the third of which, *inter alia,* permanently enjoined the village from interfering with plaintiffs' use of the "existing commercial tennis courts lighting situated upon" their property on condition that plaintiffs comply with the reasonable conditions to be imposed by the Zoning Board (Index No. 78-8829). Judgment under Index No. 78-24753 affirmed, without costs or disbursements, 'for the reasons stated in the memorandum decision of Mr. Justice Bracken at Special Term. Judgment under Index No. 78-11801 modified by deleting therefrom all of the provisions thereof except that provision which annulled so much of the determination of the Zoning Board as denied plaintiffs the right to use lights for commercial tennis courts on their property. As so modified, judgment affirmed, without costs or disbursements, and matter remanded to said Zoning Board for further proceedings in accordance herewith. Judgment under Index No. 78-8829 reversed, on the law, and plaintiffs' application for an injunction denied, without costs or disbursements. As found by Special Term, we believe that the question of whether plaintiffs should be permitted to artificially illuminate their outdoor tennis courts was a matter exclusively within the jurisdiction of the Zoning Board on their application for a use variance, and thus conclude that insofar as the members of that body failed to appreciate their status as the final nonjudicial authority on the subject, they were operating under a misapprehension of law. Given the foregoing and given the further fact that the membership of that body was apparently of the view that sufficient conditions could be attached to the use of such lighting as to render it unobjectionable *(ergo,* the suggestion that plaintiffs apply to the village board of trustees), we believe that the question of whether the present variance should be enlarged to permit the use of artificially illuminated tennis courts on plaintiffs' parcel should be remanded to the Zoning Board for a further hearing at which the matter may be more fully considered. Although cognizant of the fact that the Zoning Board resolved: "insofar as this Board had jurisdiction to do so, any part of Petitioners' application for a

permit for *existing* lighting is denied" (emphasis supplied), we would note the following: (1) the foregoing statement applies *in haec verba* to "existing lighting" and thus does not purport to have taken into consideration the prescription of appropriate safeguards to ameliorate the undesirable aspects of the use, (2) the statement was dicta when made, as the Zoning Board apparently believed that "said request for lighting is within the jurisdiction of the Village Board of Trustees" and (3) the testimony before the Zoning Board at the time of that determination was not directed toward means of alleviating the impact of lighting on the surrounding neighborhood, as was the testimony subsequently adduced before the village board of trustees. In short, we believe that plaintiffs are entitled to a further hearing at which all of the relevant considerations may be fully developed and explored. In view of the determination herein, it is clear that the permanent injunction awarded to the plaintiffs cannot be permitted to stand. Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.