■ PRITCHARD SERVICES (NY) INC., Respondent, v FIRST WINTHROP PROPERTIES, INC., et al., Appellants.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered May 18, 1990, which, *inter alia,* denied defendants' motion for summary judgment dismissing the complaint, unanimously modified on the law to the extent of granting the motion insofar as it sought dismissal of the fourth cause of

action in the first amended complaint, which sought recovery in quantum meruit, and otherwise affirmed, with costs.

Offered as evidence of the alleged breach of the series of nine professional cleaning contracts were a number of unpaid invoices. Defendants aver that plaintiff has been duly compensated, and probably overcompensated. Plaintiff replies that any purported overpayments were for extra work outside the scope of the contracts at issue, an assertion with which defendants take issue.

Defendants' unearmarked payments need to be identified, traced and matched to particular work performed. (Some of the payments made to plaintiff actually antedate the starting point of the contracts in question.) At the very least, this presents a task for the trier of facts, thus precluding summary disposition.

The existence and applicability of the contracts at issue are not disputed. Plaintiff having charted its course under a theory of breach of contract cannot alternatively claim recovery in quantum meruit (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382). That cause of action should have been dismissed. (We recently granted leave to replead the contract cause and denied it with respect to an account stated [172 AD2d 394].)

Plaintiff, now defunct as a business entity, has presented the IAS court with good cause to warrant entitlement to additional discovery. Concur—Rosenberger, J. P., Ellerin, Kupferman, Asch and Smith, JJ.