■ CARMINE TEPEDINO, Appellant, v CITY OF LONG BEACH et al., Respondents. [640 NYS2d 591] —In an action, *inter alia,* to rescind a real estate sales contract and recover the downpayment, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Lockman, J.), entered June 1, 1994, which, upon a jury verdict, is in favor of the defendants and against him.

Ordered that the judgment is affirmed, with costs.

The plaintiff's contention that rescission is warranted based on an alleged breach of good faith and fair dealing by the defendants is without merit. Implied in all contracts is a covenant of fair dealing and good faith (*see, Van Valkenburgh, Nooger & Neville v Hayden Publ. Co.,* 30 NY2d 34, *cert denied* 409 US 875). However, whether a party to a contract has failed to act in good faith is generally a fact question for the jury (*see, Zilg v Prentice-Hall, Inc.,* 515 F Supp 716, 719; *Coan v Estate of Chapin,* 156 AD2d 318, 319). Since the defendants offered testimony that the zoning changes that ultimately affected the subject property were not under consideration at the time that they contracted to sell the property to the plaintiff and that the changes adopted were not directed at the plaintiff or the subject property specifically, we find that the jury's verdict was based on a fair interpretation of the evidence (*see, Policastro v Savarese,* 171 AD2d 849, 852; *Nelson v City of New Rochelle,* 154 AD2d 661; *Nicastro v Park,* 113 AD2d 129).

The plaintiff's remaining contentions are not properly before us (*see, Matter of Glazer v Hankin,* 50 AD2d 924) and are, in any event, without merit. Thompson, J. P., Joy, Krausman and McGinity, JJ., concur.