■ DAVID OLSON, Appellant, v KEHOE COMPONENT SALES, INC., Respondent. [662 NYS2d 647] —Order and judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff resigned as Vice-President of Sales and Marketing of defendant corporation on October 12, 1994. Pursuant to a stock purchase agreement entered into between the parties in 1992, defendant was required to purchase plaintiff's 25 shares of

stock in defendant at a price determined by a formula set forth in the agreement. The formula includes "salaries and all other employee benefits paid to Shareholders". When defendant informed plaintiff that it would purchase plaintiff's shares for $242,883, plaintiff disagreed, contending that defendant owes him $353,949.75, including alleged earned commissions of $85,180. Plaintiff commenced this action for the amount of the unpaid commissions, and, in its second counterclaim, defendant sought an order directing plaintiff to sell his shares to defendant for $242,883. Plaintiff moved for summary judgment on the complaint and defendant's second counterclaim, contending that defendant should be directed to pay $353,949.75 for his shares and earned commissions. Supreme Court denied plaintiff's motion in its entirety and granted in part defendant's cross motion for summary judgment, dismissing the complaint for commissions and granting in part the relief sought in the second counterclaim.

The court erred in granting that part of the cross motion with respect to the second counterclaim, concluding that the term "salaries" was unambiguous and that commissions paid to plaintiff during the time period stated in the formula were not included. "Whether an agreement is clear and unambiguous is a question of law to be resolved by the court, based upon a reading of the contract as a whole to determine its purpose and intent" (*Peterson Real Estate v Krantz*, 226 AD2d 1079; *see also, W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 162). The agreement must be read in context and words must be given their ordinary and plain meaning (*see, United States Fid. & Guar. Co. v Annunziata*, 67 NY2d 229, 232; *Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169, 171-172). The clear and plain meaning of the phrase "salaries and all other employee benefits" is that the parties intended to include all forms of compensation paid to shareholders, including commissions. The court further erred in considering evidence extrinsic to the agreement to determine whether the agreement is ambiguous (*see, Chimart Assocs. v Paul*, 66 NY2d 570, 572-573; *W.W.W. Assocs. v Giancontieri, supra*, at 163) and in concluding, based on such evidence, that the parties intended that commissions were not included. Even assuming, arguendo, that extrinsic evidence was properly considered, the uncontroverted evidence that commissions were included in the formula for determining the price that plaintiff paid for his shares presents a factual issue precluding summary judgment. The court properly concluded, however, that there are factual issues whether certain benefits paid by defendant, including condominium and car rentals and payment by defendant for work performed at the

residence of defendant's president by an employee of defendant, constitute "employee benefits paid to the Shareholders". Thus, we modify the order and judgment by denying that part of the cross motion with respect to the second counterclaim.

We affirm the remainder of the order and judgment on appeal for reasons stated in the decision at Supreme Court. (Appeal from Order and Judgment of Supreme Court, Monroe County, Lunn, J.—Summary Judgment.) Present—Green, J. P., Pine, Wisner, Balio and Fallon, JJ.