■ In the Matter of the Estate of CATHERINE HICKEY, Deceased. BONNIE DICKSON, Appellant; ANTHONY C. HICKEY et al., as Administrators of the Estate of CATHERINE HICKEY, Deceased, Respondents. [676 NYS2d 277] —White, J. Appeal from an order of the Surrogate's Court of Ulster County (Czajka, S.), entered January 24, 1997, which, after a nonjury trial, denied petitioner's motion to, *inter alia*, set aside a prior decision of the court dismissing her claim against the estate of Catherine Hickey.

In early 1995, petitioner entered into negotiations with Anthony C. Hickey (hereinafter Hickey) regarding the purchase of the home of his mother, Catherine Hickey, located in the Town of Hurley, Ulster County, that drew its water supply from an on-premises well. The negotiations culminated in a real estate sales contract between Catherine Hickey and petitioner with petitioner obtaining title in June 1995. Shortly thereafter, while petitioner was doing dishes, the water stopped running. At that point, petitioner had a water flow test conducted which showed that the well produced less than one gallon of water per hour whereas the State standard is five gallons per minute (10A NYCRR Appendix 5B). Alleging that Hickey had made false and fraudulent misrepresentations regarding the property's water supply, petitioner commenced a small claims action in Kingston City Court which, after the death of Catherine Hickey, was transferred to the Surrogate's Court. Following a nonjury trial on November 22, 1996, Surrogate's Court dismissed petitioner's claim as well as her subsequent motion for reargument which it treated as a motion pursuant to CPLR 4404 (b). Petitioner appeals from the order denying her motion, which was entered on January 24, 1997.*

Instead of filing a brief, respondents have moved to dismiss the appeal on the ground that no appeal lies from an order denying reargument or from the denial of a CPLR 4404 (b) motion. While there is no appeal from an order denying reargument (see, Matter of Barnes [Council 82, AFSCME], 235 AD2d 826), petitioner may nevertheless maintain this appeal in view of the treatment by Surrogate's Court of her motion as one pursuant to CPLR 4404 (b) (see, CPLR 5701 [a] [2] [iii]; see also, 12 Weinstein-Korn-Miller, NY Civ Prac § 5701.12). Accordingly, respondents' motion is denied.

Turning to the merits, we affirm. Even if we assume that the contract's "as is" merger clause is inapplicable (see, Schooley v Mannion, 241 AD2d 677), petitioner's fraud claim is still insufficient because the facts regarding the quality of the water supply were not particularly within Hickey's knowledge and petitioner could have discovered the truth of the alleged representations by conducting a water flow test prior to taking title (see, Mooney v Buck, 245 AD2d 999; Cohen v Colistra, 233 AD2d 542; Callahan v Miller, 194 AD2d 904).

We have examined petitioner's remaining contentions and find them unpersuasive.

---

* Petitioner was precluded from appealing from the final order dismissing her claim since that order was not served upon her until October 10, 1997.

Cardona, P. J., Mikoll, Carpinello and Graffeo, JJ., concur. Ordered that the motion to dismiss the appeal is denied and the order is affirmed, with costs.