■ Patricia S. Wood, Respondent-Appellant, v Maggie's Tavern, Inc., et al., Appellants-Respondents. [683 NYS2d 353] —Cardona, P. J. Cross appeals from an amended judgment of the Supreme Court (Rumsey, J.), entered September 5, 1997 in Cortland County, which, inter alia, granted plaintiff's motion for summary judgment.

On December 31, 1992, plaintiff sold a bar located in the City of Syracuse, Onondaga County, to defendant Maggie's Tavern, Inc. (hereinafter defendant). Pursuant to the terms of the promissory note, the purchase price was due to plaintiff in a series of installments with the final installment of $20,000 due and payable on December 31, 1994. Defendants Paul Lorenzo and Christopher Calabro were guarantors of the note. In addition to the promissory note and guarantee, other documents executed in connection with the sale included a memorandum of sale, a bill of sale of inventory and a security agreement.

By letter dated February 21, 1995, plaintiff demanded payment of the final installment. Defendant refused to make the payment based upon paragraph 5 (a) of the memorandum of

sale which provided that the final installment would be adjusted downward in the event the net profit for the two-year period commencing September 9, 1992 was less than $100,000. Defendant alleged that it did not make a profit during that time period.

In July 1996, plaintiff commenced this action against defendant, Lorenzo and Calabro seeking to recover the final installment plus interest and counsel fees. Following joinder of issue, plaintiff moved for summary judgment, arguing that paragraph 5 (c) of the memorandum of sale precluded a downward adjustment of the final installment, and defendants cross-moved for summary judgment dismissing the complaint. Supreme Court granted plaintiff's motion and denied defendants' cross motion. Thereafter, defendants made a motion for renewal and/or reargument which was denied by Supreme Court. A judgment and amended judgment were entered. Defendants now appeal from the amended judgment and plaintiff cross appeals from so much thereof as awarded counsel fees in the amount of $2,206.

Resolution of this case turns upon the proper interpretation of paragraph 5 (c) of the memorandum of sale. It is recognized that "when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms" (*W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 162; *see, Uribe v Merchants Bank*, 91 NY2d 336, 341; *Just-Irv Sales v Air-Tite Bus. Ctr.*, 237 AD2d 793, 794). It is the plain and ordinary meaning of the terms which governs (*see, Greater Johnstown School Dist. v Frontier Ins. Co.*, 252 AD2d 615, 616-617; *Estate of Hatch v NYCO Mins.*, 245 AD2d 746, 747). The courts will not look to extrinsic evidence to ascertain the parties' intent in drafting a particular provision unless it is ambiguous (*see, Peterson Real Estate v Krantz*, 226 AD2d 1079, 1079-1080; *see, e.g., Myers v City of Schenectady*, 244 AD2d 845, *lv denied* 91 NY2d 812). Whether a contractual provision is ambiguous is a question of law for the court to determine (*see, Van Wagner Adv. Corp. v S & M Enters.*, 67 NY2d 186, 191; *Estate of Hatch v NYCO Mins., supra*, at 747; *Olson v Kehoe Component Sales*, 242 AD2d 902, 903).

In the instant case, paragraph 5 (c) of the memorandum of sale is clear and unambiguous. It provides that there shall be no reduction in the amount of the final installment due under the promissory note "if there are any additions or a 50% expansion to current licensed premises in the Syracuse University area". Clearly, this provision is meant to apply to an addition or a 50% expansion to any currently licensed bar and not, as defendants contend, to an addition or a 50% expansion to all

bars collectively within the Syracuse University area. In support of her motion for summary judgment, plaintiff submitted proof that during the period in question a local bar known as Harry's underwent an addition and 50% expansion to its business. Inasmuch as this is an event precluding a reduction in the purchase price, Supreme Court properly granted plaintiff's motion for summary judgment.

While defendants did not file a notice of appeal from the order denying their motion for renewal and/or reargument, we nevertheless consider it pursuant to CPLR 5517 (see, Stock v Ostrander, 233 AD2d 816, 817). In regard to their request for renewal,* we note that defendants neglected to offer a valid excuse for their failure to submit contradictory evidence in opposition to the motion for summary judgment (see, Lansing Research Corp. v Sybron Corp., 142 AD2d 816, 819; Foley v Roche, 68 AD2d 558, 568, lv denied 56 NY2d 507). Therefore, we find no reason to disturb the denial of the motion.

Turning to plaintiff's cross appeal concerning the adequacy of counsel fees awarded, the promissory note provided that plaintiff could recoup from defendants reasonable counsel fees in any action to enforce the terms of the note. It appears that Supreme Court based its award upon the number of hours actually expended by plaintiff's attorney in bringing the action multiplied by an hourly rate of $125. Under all the circumstances and given the degree of complexity of this case, we find that the award of fees was reasonable notwithstanding the fact that plaintiff entered into a contingency fee arrangement with her attorney.

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the amended judgment is affirmed, without costs.

---

* As no appeal lies from the denial of a motion for reargument (see, Matter of Hickey, 252 AD2d 763, 764), we need not address that aspect of the motion.