■ JOANNE MITCHELL, Respondent-Appellant, v PAUL R. LEAHEY et al., Appellants-Respondents. [734 NYS2d 780] —Order and judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action for breach of an employment agreement against her former employer, Schuele

Paint Co., Inc. (defendant). Supreme Court properly found following a nonjury trial that the agreement provided for a term of employment that commenced on plaintiff's first day of employment and ended on the last day of 1999 and properly concluded that defendant breached the agreement by terminating plaintiff without cause before December 31, 1999. " '[I]f the employer made a promise, either express or implied, not only to pay for the service but also that the employment should continue for a period of time that is either definite or capable of being determined, that employment is not terminable by him "at will" ' " (*Weiner v McGraw-Hill, Inc.,* 57 NY2d 458, 465, quoting 1A Corbin, Contracts § 152, at 14). Here, the agreement provided that it was "for the year 1999," and thus the term of the employment was capable of being determined (*see, Rooney v Tyson,* 91 NY2d 685, 692).

The court erred, however, in finding that the agreement was ambiguous with respect to the amount of commissions that plaintiff would receive and in considering extrinsic evidence submitted by plaintiff and defendant with respect to the amount of commissions to which plaintiff is entitled. "Whether or not a contract provision is ambiguous is a question of law" (*Van Wagner Adv. Corp. v S & M Enters.,* 67 NY2d 186, 191), and we conclude that the contract provision in this case concerning the amount of commissions to be paid was unambiguous. Thus, the court erred in considering extrinsic evidence (*see, Olson v Kehoe Component Sales,* 242 AD2d 902, 903). The agreement provided that commissions were "[p]ayable at 3% up to $200,000 in sales," and defendant breached the agreement by paying plaintiff only 1¹/₂% in commissions for sales up to $200,000. The court further erred in finding that plaintiff waived her right to receive the 3% commission. A waiver is the intentional relinquishment of a known right (*see, Hadden v Consolidated Edison Co.,* 45 NY2d 466, 469). In this case, it is undisputed that plaintiff accepted the 1¹/₂% commission only under protest, and thus her conduct did not evince an intentional relinquishment of a known right (*see, Ellman v Chatwal,* 209 AD2d 287). We therefore modify the order and judgment by vacating the conclusion that defendant did not breach that part of the agreement with respect to the amount of commissions that were paid to plaintiff prior to her discharge and providing that plaintiff is entitled to 3% in commissions for sales up to $200,000. (Appeals from Order and Judgment of Supreme Court, Erie County, Marshall, J.—Contract.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Burns, JJ.