■ In the Matter of DAVID QUINONES, Appellant, v DONALD SELSKY, as Director of Special Housing/Inmate Disciplinary Programs, Respondent. [747 NYS2d 64]

Petitioner was found guilty of violating the prison disciplinary rules that prohibit refusing to obey a direct order and violating urinalysis testing procedures after he failed to provide a urine sample within three hours of being ordered to do so. In ruling on the ensuing CPLR article 78 proceeding, Supreme Court properly rejected petitioner's contention that the determination of his guilt should be annulled because he speaks and understands only Spanish and he was allegedly never informed in Spanish of the consequences of his failure to provide a urine specimen. The record discloses that petitioner was provided with an interpreter from the time he was ordered to provide a urine sample to the time when the Hearing Officer rendered the determination of his guilt, and he repeatedly affirmed that he understood the proceedings.

After entry of Supreme Court's judgment dismissing his application for CPLR article 78 review, petitioner filed a motion for renewal pursuant to CPLR 2221 based upon alleged newly-discovered evidence, supporting his contention that he was wrongly found guilty of the charged misconduct because his inability to produce a urine sample was nonvolitional, having been caused by a condition known as "social phobia," one symptom of which can be the inability to urinate when others are present, e.g., correction officers who remain with inmates giving urine samples to prevent tampering. In support of his postjudgment motion, petitioner submitted various medical records by staff members at a psychiatric center from March 2001 to December 2001, providing documentation of his diagnosis and treatment for social phobia. Supreme Court denied the motion in an order entered September 28, 2001, on the

ground that petitioner was aware of this evidence before the return date of his original motion and failed to present a justifiable excuse for his failure to present it in the context of his original application for CPLR article 78 review.

We affirm.* The medical documents proffered by petitioner disclose that he was first seen by psychiatric center personnel in March 2001 and was diagnosed by a staff psychiatrist on June 19, 2001. Hence, Supreme Court correctly found that this evidence was known to petitioner at least a month before the return date of his original CPLR article 78 proceeding (July 21, 2001) and could have been presented by him in the context thereof. Having presented no justification for his failure to do so, petitioner's motion for renewal was properly denied (*see* CPLR 2221 [e] [3]; *see also Wood v Maggie's Tavern*, 257 AD2d 733, 735).

Cardona, P.J., Crew III, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment and order are affirmed, without costs.

---

* Petitioner has not filed a notice of appeal from Supreme Court's order denying his motion for renewal. The order is, however, reviewable by this Court pursuant to CPLR 5517 (b) (*see Wood v Maggie's Tavern*, 257 AD2d 733, 735; *Stock v Ostrander*, 233 AD2d 816, 817).