█ In the Matter of INDEPENDENT WIRELESS ONE CORPORATION et al., Respondents, v CITY OF SYRACUSE et al., Appellants. [765 NYS2d 567] —Appeal from a judgment (denominated order) of Supreme Court, Herkimer County (Kirk, J.), entered February 28, 2002, which granted the petition to the limited extent of ordering respondent City of Syracuse Board of Zoning Appeals to entertain petitioners' application for a use variance upon the resubmission by petitioners of their application.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Petitioners, providers of wireless telecommunications services, commenced this proceeding pursuant to CPLR article 78 seeking, inter alia, a judgment annulling the "constructive denial" by respondent City of Syracuse Board of Zoning Appeals (BZA) of petitioners' application for a use variance permitting petitioners to construct a telecommunications tower on a particular site in a residentially zoned area of the City of Syracuse. Respondents appeal from a judgment granting the petition to the limited extent of ordering the BZA to "entertain the Petitioners' Application upon the Petitioners['] resubmission of same in furtherance of conducting a full and fair review of the Application in accordance with New York General City Law § 81-b (1) (a)."

We reject respondents' contention that this proceeding is barred by the statute of limitations. Because petitioners challenge the August 30, 2001 refusal of the BZA to entertain their application for a use variance, the matter is controlled by CPLR 217 (1), which requires the proceeding to be commenced within

four months "after respondent's refusal, upon the demand of the petitioner or the person whom he represents, to perform its duty" (*see generally Matter of Densmore v Altmar-Parish-Williamstown Cent. School Dist.*, 265 AD2d 838, 839 [1999], *lv denied* 94 NY2d 758 [2000]). The proceeding is thus timely, inasmuch as it was commenced one month after the BZA's refusal to entertain petitioners' application (*see Matter of Bottom v Goord*, 96 NY2d 870, 872 [2001]).

Contrary to respondents' further contention, petitioners have not waived their right to challenge the BZA's refusal to entertain their application for a use variance. Waiver is the intentional relinquishment of a known right and should not be lightly presumed (*see Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968 [1988]; *see also Enright v Nationwide Ins.*, 295 AD2d 980, 981 [2002]; *Mitchell v Leahey*, 289 AD2d 1002, 1003 [2001]). The April 19, 2001 letter of petitioners, as well as their subsequent participation in proceedings before respondent City of Syracuse Planning Commission (Commission), evinced an acquiescence to respondents' directives, not an intentional waiver or relinquishment of any rights (*cf. Matter of Mazzoli v Di Fabio*, 259 AD2d 951 [1999]).

Finally, Supreme Court properly determined that, contrary to those directives of respondents and their contention on appeal, the BZA, and not the Commission, is the municipal agency vested with exclusive authority to review petitioners' application for a use variance (*see* General City Law § 81-b [1] [a]; [3] [a]; *see also* § 81-a [4], [5], [7]; *cf. Matter of Commco v Amelkin*, 62 NY2d 260, 262, 266 [1984]; *Town of Smithtown v Haynes*, 278 AD2d 312, 314 [2000], *lv dismissed in part and denied in part* 96 NY2d 930 [2001]; *Carbone v Town of Bedford*, 144 AD2d 420, 420-421 [1988] [construing analogous provisions of the Town Law]; *El-Ayouty v Incorporated Vil. of Head of Harbor*, 74 AD2d 817 [1980] [construing analogous provisions of the Village Law]). In view of our determination, we do not consider respondents' remaining contentions. Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Lawton, JJ.