# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**285**

**CA 15-01006**

PRESENT: WHALEN, P.J., CENTRA, CARNI, DEJOSEPH, AND TROUTMAN, JJ.

---

MARK ALLEN SHAW, ET AL., PLAINTIFFS,
AND JOSEPH G. TERRIZZI, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

CHESTER VANARSDALE, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

GOODELL & RANKIN, JAMESTOWN (ANDREW W. GOODELL OF COUNSEL), FOR DEFENDANT-APPELLANT.

PETER D. CLARK, FREDONIA, FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Chautauqua County (Deborah A. Chimes, J.), entered January 30, 2015. The order adhered to an order entered October 17, 2014.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff-respondent (plaintiff), et al., commenced this action seeking to enjoin defendant from, inter alia, maintaining a dock at the shore of Chautauqua Lake at the terminus of a "paper street" known as Elmwood Avenue in the Windemere subdivision. Following a nonjury trial on stipulated exhibits and a stipulation that there were no issues of fact, Supreme Court permanently enjoined defendant from, inter alia, placing a dock in the waters abutting Elmwood Avenue, using Elmwood Avenue to store personal items, and from constructing any further structures thereupon.

In appeal No. 1, defendant appeals from an order that granted plaintiffs injunctive relief following the trial. In appeal No. 2, defendant appeals from an order that denied his motion that, although styled as one to "reargue and reconsider," was in effect a motion to set aside the verdict pursuant to CPLR 4404 (b) (*see Matter of Hickey*, 252 AD2d 763, 764, *lv dismissed* 92 NY2d 979). We note at the outset that defendant's appeal from the order in appeal No. 1 must be dismissed because it was superseded by the order in appeal No. 2 (*see Hores v State of New York*, 212 AD2d 581).

With respect to appeal No. 2, we note that defendant is not a riparian landowner, and that his deed contains no express easement to access Chautauqua Lake (*cf. Holst v Liberatore*, 115 AD3d 1216, 1216-1217; *Hush v Taylor*, 84 AD3d 1532, 1533-1534). The record

establishes, however, that the common grantor filed a subdivision map in which certain streets, including Elmwood Avenue, were laid out but never accepted by the municipality, and that defendant's lots abut Elmwood Avenue.  In addition, the parties agree that defendant's lots benefit from a "paper street" easement over Elmwood Avenue (*see generally Fischer v Liebman*, 137 AD2d 485, 486-487).  The stipulated exhibits establish that Elmwood Avenue provides access to Park Street, an intersecting "paper street," which in turn provides access to a public way.  Despite the fact that defendant's lots do not abut Chautauqua Lake, defendant installed a dock at the terminus of Elmwood Avenue at the lakeshore and undertook the storage of various items at the lakeshore on the "paper street," including hammocks, chairs, torches, paddle boats, etc.

We reject defendant's contention that the implied easement created by the "paper street" doctrine entitles him to install a dock or to store his personal property on Elmwood Avenue at the lakeshore. An implied "paper street" easement does not "create a right of way over all the lands of a vendor which may lie, however remote, in the bed of the street.  The lands must be contiguous to the lot sold, and there must be some point of limitation" (*Reis v City of New York*, 188 NY 58, 73).  Here, inasmuch as the parties have not raised the issue whether the implied "paper street" easement created by the laying out of Elmwood Avenue on the subdivision map provides defendant with the right to otherwise access Chautauqua Lake at the terminus of Elmwood Avenue, we do not reach that issue.  We conclude, however, that the court properly determined that the implied easement benefitting defendant's lots in the subdivision does not carry with it the right to install a dock or to store personal property at the lakeshore (*see id.*).

We reject defendant's further contention that plaintiff is estopped by the doctrine of unclean hands from objecting to the placement of defendant's dock because plaintiff allegedly maintained a dock on a "paper street" in the subdivision in the past.  Plaintiff testified, however, that he placed his dock on his own lakefront property, and defendant failed to adduce any evidence conclusively establishing that plaintiff's dock was installed on a "paper street" in the subdivision.  We therefore conclude that there is no basis for a finding that plaintiff did not come to this equitable action with clean hands (*see Sparkling Waters Lakefront Assn., Inc. v Shaw*, 42 AD3d 801, 804).

We have considered defendant's remaining contentions and conclude that they are without merit.

Entered:  April 29, 2016                        Frances E. Cafarell
                                                Clerk of the Court