County of Suffolk, Respondent,
against
Ronald Hafferkamp, Appellant.




Ronald Hafferkamp, appellant pro se.
Arnold A. Arpino & Associates, P.C., for respondent (no brief filed).

Appeal from a judgment of the District Court of Suffolk County, First District (Linda J. Kevins, J.), entered May 22, 2015. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $2,188.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the District Court for the entry of a judgment dismissing the complaint.
Plaintiff, the County of Suffolk, commenced this action to recover a security deposit provided to defendant, a landlord, pursuant to a cash security agreement between the Suffolk County Department of Social Services (DSS), defendant, and defendant's tenant. After a nonjury trial, the District Court found that plaintiff was entitled to the return of the security deposit and awarded plaintiff the principal sum of $2,188.
Defendant and his wife testified that they had retained the security deposit because their tenant owed two months' rent and had caused substantial damage to the apartment. Plaintiff established that, pursuant to the cash security agreement, defendant had been required to notify DSS within 72 hours after the tenant vacated the rental property and to submit a "cash landlord claim form" to plaintiff within 10 days, and that defendant did not submit the required "cash [*2]landlord claim form." However, defendant established that he had immediately and repeatedly requested that DSS provide him with a copy of the "cash landlord claim form" so that he could submit it, and that DSS had not done so. Under the circumstances, plaintiff has not demonstrated that it is entitled to the return of the security deposit (cf. Just-Irv Sales v Air-Tite Bus. Ctr., 237 AD2d 793 [1997]; Jaffe v Paramount Communications, 222 AD2d 17, 22-23 [1996] ["Implied in every contract is a covenant of good faith and fair dealing . . ., which is breached when a party to a contract acts in a manner that, although not expressly forbidden by any contractual provision, would deprive the other party of the right to receive the benefits under their agreement"]).
Accordingly, the judgment is reversed and the matter is remitted to the District Court for the entry of a judgment dismissing the complaint.
Marano, P.J., Iannacci and Garguilo, JJ., concur.
Decision Date: May 23, 2017