■ FRANK DUFFY et al., Respondents, v GREGORY HOBAICA, Defendant and Third-Party Plaintiff-Respondent. MOSES L. GOLDBAS et al., Third-Party Defendants-Appellants.—Judgment unanimously affirmed with costs. Memorandum: Third-party defendants-mortgagees appeal from an order that

granted the motion of defendant/third-party plaintiff-mortgagor for summary judgment specifically enforcing a provision of a mortgage requiring the mortgagees to release a part of the mortgagor's property from the encumbrance. The mortgagees contend that the mortgagor is in default of the tax payment covenant of the mortgage and therefore is not entitled to sue the mortgagees for specific performance. The mortgagees also contend that the term "lot", as used in the mortgage, is ambiguous, thus creating an issue of fact warranting denial of the motion.

The court's order enforcing the terms of the mortgage was proper. The mortgagor sustained his initial burden on the motion by demonstrating that the mortgage requires the mortgagees, upon the tender of $2000 per lot, to release lots as they are sold by the mortgagor. The mortgagees' allegation that the mortgagor defaulted under the mortgage is clearly lacking in merit and hence insufficient to defeat the motion. It is apparent from the record that the mortgagees' decision to withhold their release had nothing to do with the mortgagor's alleged default, nor was it demonstrated that the mortgagor in fact is in default.

With respect to the mortgagees' contention that the term "lot" used in the mortgage is ambiguous and needs to be clarified by parol evidence, we find that any ambiguity is resolved by reference to extrinsic proof contained in the record. The mortgagor proposes to sell one of the lots depicted in the original subdivision map that the mortgagees admit they saw and agreed to prior to entering into the mortgage. The mortgagor proposes to do only that which the mortgagees agreed to allow him to do, and he thus is entitled to enforce the release provision of the mortgage. (Appeal from Judgment of Supreme Court, Oneida County, Tenney, J.—Specific Performance.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.