■ HENRY SCHREIBER et al., Individually and as General Partners of NORTHTOWN PROPERTIES, Respondents, v ANTHONY CIMATO et al., Appellants. [722 NYS2d 680] —Order and judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendants appeal from that part of an order and judgment that granted plaintiffs' motion for partial summary judgment on the issue of liability under an indemnification agreement and adjudged that defendants are liable to plaintiffs for damages including attorney's fees pursuant to that agreement. Defendants contend that the indemnification agreement was ambiguous and included only conditions of which they were aware. We disagree. The indemnification agreement provides that defendants agree to "indemnify [plaintiffs] and to hold [plaintiffs] harmless from any and all conditions which now exist on the property that may violate any rules and regulations of the New York State Department of Environmental Conservation." Where, as here, "parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms" (*W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162). "Whether an agreement is clear and unambiguous is a question of law to be resolved by the court" (*Peterson Real Estate v Krantz,* 226 AD2d 1079), and here Supreme Court properly determined that defendants are

liable to plaintiffs for damages based on the indemnification agreement. The court erred, however, in determining that damages include attorney's fees. The indemnification agreement does not contain specific language regarding attorney's fees and, "[w]hen a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (*Hooper Assocs. v AGS Computers,* 74 NY2d 487, 491). Consequently, the indemnification agreement must be strictly construed, and we modify the order and judgment by vacating the award of attorney's fees. We have considered defendants' remaining contentions and conclude that they lack merit.

Plaintiffs failed to take an appeal, and thus we do not consider their contention that defendants are strictly liable under the Navigation Law (*see,* CPLR 5513, 5515). (Appeal from Order and Judgment of Supreme Court, Erie County, Mahoney, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Hurlbutt, Scudder and Lawton, JJ.