■ CRAIG SCHREIBER et al., as Personal Representatives of the Estate of HENRY SCHREIBER, Deceased, et al., Individually and as General Partners of Northtown Properties, Respondents, v ANTHONY CIMATO et al., Appellants. (Appeal No. 1.) [750 NYS2d 546] —Appeal from, those parts of an order of Supreme Court, Erie County (Mahoney, J.), entered December 4, 2001, that denied defendants' motion to preclude evidence of nonremediation damages and to dismiss all causes of action except the first cause of action.

■ CRAIG SCHREIBER et al., as Personal Representatives of the Estate of HENRY SCHREIBER, Deceased, et al., Individually and as General Partners of Northtown Properties, Respondents, v ANTHONY CIMATO et al., Appellants. (Appeal No. 2.) [750 NYS2d 204] —Appeal from a judgment of Supreme Court, Erie County (Mahoney, J.), entered December 7, 2001, which awarded plaintiffs the sum of $330,856.93 upon a jury verdict.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and a new trial is granted on damages only.

Memorandum: In 1987 plaintiffs agreed to purchase from defendants a one-acre parcel of land located in the Town of Amherst. While removing an underground tank before the closing, defendants caused a spill of petroleum-contaminated water. The New York State Department of Environmental Conservation (DEC) monitored the cleanup. When plaintiffs initially refused to proceed with the closing because of the contamination and future cleanup costs, defendants agreed to

indemnify plaintiffs for a five-year period from any and all conditions "now exist[ing]" on the property that may violate any rules or regulations of the DEC. The closing then took place on October 24, 1988. In 1989 plaintiffs discovered additional contamination on the property and defendants refused to indemnify plaintiffs for the remediation costs. Plaintiffs commenced this action, asserting causes of action for breach of the indemnification agreement, breach of contract, negligence, fraud and contribution pursuant to the Navigation Law.

Supreme Court, inter alia, denied those parts of defendants' motion seeking, inter alia, summary judgment dismissing the negligence, fraud and Navigation Law causes of action in the amended complaint. The court severed those causes of action, however, and directed that they be tried along with defendants' separate mortgage foreclosure action. Following a trial on the cause of action for breach of the indemnification agreement, the jury awarded plaintiffs $146,720.48 for environmental cleanup costs and $70,479 for carrying costs pursuant to the indemnification agreement.

We conclude that the court erred in denying that part of defendants' motion seeking summary judgment dismissing the negligence cause of action as time-barred. Defendants met their initial burden by establishing as a matter of law that the negligence cause of action is time-barred, and plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). We further conclude, however, that the court properly denied those parts of defendants' motion seeking summary judgment dismissing the fraud and Navigation Law causes of action. There are issues of fact whether plaintiffs exercised due diligence to discover the contamination and the fraud and whether defendants are estopped from asserting the statute of limitations as an affirmative defense because of their alleged acts of deception. In appeal No. 1, we therefore modify the order by granting that part of defendants' motion seeking summary judgment dismissing the negligence cause of action and dismissing that cause of action.

We agree with defendants that the court erred in granting plaintiffs' motion to preclude evidence that the contamination may have migrated from the adjoining properties or may have resulted from plaintiffs' conduct and that a new trial on plaintiffs' damages under the indemnification agreement therefore is warranted. The court precluded that evidence based on its belief that the issue had been decided by this Court in a prior appeal (*Schreiber v Cimato*, 281 AD2d 961),

but in fact that issue was neither raised nor decided in the prior appeal. We have reviewed defendants' remaining contention and conclude that it lacks merit. In appeal No. 2, we therefore reverse the judgment and grant a new trial on damages only. Present—Pine, J.P., Hayes, Kehoe, Gorski and Lawton, JJ.