■ DAVID MARTIN et al., Respondents-Appellants, v CHUCK HAFNER'S FARMERS' MARKET, INC., Doing Business as CHUCK HAFNER's FARM MARKET AND GARDEN CENTER, et al., Appellants-Respondents. [814 NYS2d 442]—

Appeals and cross appeal from an order of the Supreme Court, Onondaga County (John V. Centra, J.), entered June 20, 2005 in a personal injury action. The order, inter alia, denied in part the cross motions of defendants for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying those parts of the cross motions with respect to the negligence cause of action insofar as it alleges failure to warn and reinstating that cause of action in its entirety and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by David Martin (plaintiff) as a result of inhaling certain mold, i.e., *Aspergillus fumigatus*, allegedly contained in bales of straw purchased from defendant Chuck Hafner's Farmers' Market, Inc., doing business as Chuck Hafner's Farm Market and Garden Center, and produced and packaged by defendants Henry White and Cross Lake Farms, Inc. Supreme Court properly denied those parts of defendants' respective cross motions seeking summary judgment dismissing the cause of action for breach of implied warranty of merchantability and those parts of the causes of action for negligence and strict products liability insofar as they allege a manufacturing defect (*see Wesp v Carl Zeiss, Inc.*, 11 AD3d 965, 968 [2004]). Defendants met their initial burdens with respect to those parts of their respective cross motions by submitting the affidavit of a pulmonologist in which he asserted that plaintiff's reaction to the one-hour exposure to *Aspergillus fumigatus* is highly uncommon in the population at large. Defendants further submitted the affidavit of an expert "certified to practice in all areas of industrial hygiene, which . . . includes the testing for environmental fungi and bacteria," wherein the expert asserted that the bales of straw at issue appeared to be "normal" and tested positive for *Penicillium* rather than *Aspergillus fumigatus*.

We conclude, however, that plaintiffs raised a triable issue of fact to defeat those parts of defendants' respective cross motions. They submitted the deposition testimony of plaintiff in which he testified that he experienced no respiratory difficulties prior to this incident, and they submitted the report of a microbiologist indicating that the bales of straw did in fact contain *Aspergillus fumigatus*. In addition, plaintiffs submitted the affidavit of a pulmonologist in which he asserted that mold

commonly causes respiratory illness in substantial numbers of people and that, "[i]n [his] opinion, the chronology of events, the timing of the onset of [plaintiff's] symptoms after exposure to the straw, the rapid progression of his symptoms after exposure and the laboratory reports indicating that Aspergillus mold spores were found in both the straw and his lungs indicate that the moldy straw was a substantial factor causing the onset of . . . his resulting respiratory problems."

We further conclude, however, that the court erred in granting those parts of defendants' respective cross motions seeking summary judgment dismissing the negligence cause of action insofar as it alleges defendants' failure to warn. The court granted those parts of the respective cross motions on the ground that plaintiff's hypersensitivity to the mold caused the injury but, as we previously concluded with respect to the other causes of action at issue, plaintiffs raised a triable issue of fact with respect thereto by submitting the affidavit of their pulmonologist. We therefore modify the order accordingly. Present—Scudder, J.P., Kehoe, Martoche, Smith and Pine, JJ. [*See* 8 Misc 3d 1006(A), 2005 NY Slip Op 50950(U) (2005).]