# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

530
CA 13-01664
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

SUSAN ANGONA, AS GUARDIAN AD LITEM OF
BENJAMIN ANGONA, AND SUSAN ANGONA,
INDIVIDUALLY, PLAINTIFF-RESPONDENT-APPELLANT,

V                                                     MEMORANDUM AND ORDER

CITY OF SYRACUSE, CONMED CORP., KATECHO, INC.,
DEFENDANTS-APPELLANTS-RESPONDENTS,
ET AL., DEFENDANTS-RESPONDENTS.
(APPEAL NO. 1.)

---

HISCOCK & BARCLAY, LLP, SYRACUSE (ROBERT A. BARRER OF COUNSEL), FOR
DEFENDANT-APPELLANT-RESPONDENT CITY OF SYRACUSE.

HANCOCK ESTABROOK, LLP, SYRACUSE (ASHLEY D. HAYES OF COUNSEL), FOR
DEFENDANT-APPELLANT-RESPONDENT CONMED CORP.

MACKENZIE HUGHES LLP, SYRACUSE (W. BRADLEY HUNT OF COUNSEL), FOR
DEFENDANT-APPELLANT-RESPONDENT KATECHO, INC.

SANOCKI NEWMAN & TURRET, LLP, NEW YORK CITY (DAVID B. TURRET OF
COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeals and cross appeal from an order of the Supreme Court,
Onondaga County (Brian F. DeJoseph, J.), entered March 12, 2013. The
order granted in part and denied in part the motions of defendants
City of Syracuse, ConMed Corp. and Katecho, Inc., for summary
judgment.

It is hereby ORDERED that said appeal by defendant City of
Syracuse is unanimously dismissed and the order is affirmed without
costs.

Memorandum: Plaintiff, individually and as guardian ad litem for
Benjamin Angona (Angona), commenced these consolidated actions seeking
damages for injuries Angona sustained after he suffered a heart attack
and collapsed. Angona was then an off-duty firefighter for defendant
City of Syracuse (City). Firefighters from the City's Fire Department
responded first to the emergency call, and shortly following their
arrival they set up a defibrillator. The firefighters were unable,
however, to connect the electrodes to the defibrillator. Employees of
a private ambulance company arrived at the scene and, using their
company's defibrillator and electrodes, were able to defibrillate
Angona. He was resuscitated but suffered severe neurological damage.

Plaintiff alleges that Angona was injured as the result of the delay in initiating defibrillation, which was caused by the failure of the electrodes to connect properly to the defibrillator used by the City firefighters.  That failure, plaintiff further alleges, was the result of a bent pin or misshapen connector housing of one of the electrodes, which prevented that defibrillator from operating properly.  Defendant ConMed Corp. (ConMed) manufactured and designed the wire assembly for the electrodes, and defendant Katecho, Inc. (Katecho) manufactured the chest pads and affixed the wire assembly to the pads at the final stage of the manufacturing process.  Plaintiff asserts causes of action against all defendants for negligence, and she asserts additional causes of action against ConMed and Katecho for, inter alia, strict products liability and breach of implied warranty.  Defendants' various third-party actions also were consolidated with the main action, the parties having stipulated that each defendant asserted cross claims against each other, for contribution.

By the order in appeal No. 1, Supreme Court, inter alia, granted in part and denied in part the motions of the City, ConMed and Katecho seeking summary judgment dismissing the respective amended complaint, complaint and cross claims against them.  By the order in appeal No. 2, the court granted the City's motion for leave to renew and, upon renewal, granted the City's motion in its entirety.  The City, ConMed and Katecho appeal and plaintiff cross-appeals from the order in appeal No. 1, and plaintiff, ConMed and Katecho appeal from the order in appeal No. 2.  We note at the outset that the City's appeal from the order in appeal No. 1 must be dismissed as academic because the City was granted summary judgment upon renewal in appeal No. 2 (*see IRB-Brasil Resseguros S.A. v Eldorado Trading Corp. Ltd.*, 68 AD3d 576, 577).

We conclude in appeal No. 1 with respect to the City that the court properly granted that part of the City's motion seeking summary judgment dismissing plaintiff's claim of negligence based upon the City's alleged failure to respond to the scene of Angona's heart attack with operable and functional equipment.  We likewise conclude in appeal No. 2 with respect to the City that the court, upon granting leave to renew, properly granted the remainder of the City's motion, which sought summary judgment dismissing plaintiff's claims of negligence and all cross claims based upon the City's alleged failure to render proper resuscitative care and treatment at the scene.  All of those claims of negligence arise from the City's exercise of governmental functions (*see Applewhite v Accuhealth, Inc.*, 21 NY3d 420, 427-428).  Thus, "[t]o sustain liability against [the City], the duty breached must be more than that owed the public generally" (*Lauer v City of New York*, 95 NY2d 95, 100).  The City met its burden of establishing the absence of a special duty owed to Angona in these circumstances (*see Laratro v City of New York*, 8 NY3d 79, 83-84; *Kircher v City of Jamestown*, 74 NY2d 251, 258), and plaintiff failed to raise a triable issue of fact.  We reject plaintiff's contention that the City owed a special duty to Angona by virtue of his status as an off-duty firefighter.

The remainder of our decision concerns the order in appeal No. 1. We conclude that the court properly denied those parts of the motions of ConMed and Katecho seeking summary judgment dismissing plaintiff's strict liability claims against them based on a manufacturing defect. Neither defendant met its initial burden of establishing that the alleged defect in the electrode did not exist at the time it left its control (*see generally Rosado v Proctor & Schwartz*, 66 NY2d 21, 25-26). In any event, the opinion of plaintiff's expert was sufficient to raise triable issues of fact with respect to the adequacy of the quality control and inspection procedures undertaken by those defendants to prevent a defective product from leaving their facilities (*cf. Preston v Peter Luger Enters., Inc*., 51 AD3d 1322, 1324). We reject the further contention of Katecho that the evidence establishes as a matter of law that it is not subject to liability for a manufacturing defect inasmuch as it manufactured only a component part, i.e., the electrode pad, that was not itself defective (*see generally Gray v R.L. Best Co.*, 78 AD3d 1346, 1349). Katecho's own submissions establish that, in addition to manufacturing a component, it was involved in the installation of the wire assemblies and the inspection, testing and assembly of the electrodes.

The court also properly denied that part of ConMed's motion seeking summary judgment dismissing plaintiff's claims against it based upon failure to warn. Triable issues of fact remain whether ConMed should have warned users to pre-connect the electrodes "in light of the nature of the product and the potential danger" (*Warsaw v Rexnord, Inc*., 221 AD2d 933, 933), and whether such failure to warn was a proximate cause of Angona's injuries (*see Rickicki v Borden Chem.*, 60 AD3d 1276, 1277-1278). Finally, even assuming, arguendo, that ConMed met its burden of establishing its entitlement to judgment dismissing the breach of implied warranty cause of action against it, we conclude that plaintiff raised a triable issue of fact whether the electrodes were not "fit for the ordinary purposes for which they are used" (*Episcopal Church Home of W. N.Y. v Bulb Man*, 274 AD2d 961, 961; *see Martin v Chuck Hafner's Farmers' Mkt., Inc*., 28 AD3d 1065, 1066-1067).

Entered:  June 13, 2014                      Frances E. Cafarell
                                             Clerk of the Court