# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1021**
**CA 14-00390**
PRESENT: CENTRA, J.P., FAHEY, WHALEN, AND DEJOSEPH, JJ.

---

BERO FAMILY PARTNERSHIP, JOHN J. BERO, III,
DONALD G. BERO, II, MARGARET B. BERO MAGGIONE,
DOROTHY C. BERO, JUDITH A. BERO, DONALD G. BERO,
THOMAS J. BERO, JOHN J. BERO, JR., MARION P. BERO,
ROBERT M. BERO, STEVEN M. BERO, DAVID M. BERO,
LORRAINE A. BERO MCGUIGAN, CHRISTINE M. MOORE AND
GREGORY MOORE, PLAINTIFFS-RESPONDENTS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

DONALD ELARDO, DEFENDANT-APPELLANT,
AND L.M. SESSLER EXCAVATING & WRECKING, INC.,
DEFENDANT-RESPONDENT.
----------------------------------------------------
DONALD ELARDO, THIRD-PARTY PLAINTIFF-APPELLANT,

V

L.M. SESSLER EXCAVATING & WRECKING, INC.,
THIRD-PARTY DEFENDANT-RESPONDENT,
ET AL., THIRD-PARTY DEFENDANT.

---

KNAUF SHAW LLP, ROCHESTER (ALAN J. KNAUF OF COUNSEL), FOR
DEFENDANT-APPELLANT AND THIRD-PARTY PLAINTIFF-APPELLANT.

PHILLIPS LYTLE LLP, ROCHESTER (CHAD W. FLANSBURG OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS-APPELLANTS.

BOND, SCHOENECK & KING, PLLC, SYRACUSE (THOMAS R. SMITH OF COUNSEL),
FOR DEFENDANT-RESPONDENT AND THIRD-PARTY DEFENDANT-RESPONDENT.

---

Appeal and cross appeal from an order of the Supreme Court,
Monroe County (Ann Marie Taddeo, J.), entered August 9, 2013. The
order, among other things, granted the motion of defendant-third-party
defendant L.M. Sessler Excavating & Wrecking, Inc. seeking summary
judgment dismissing the third amended complaint and the third-party
complaint against it.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying the motion of defendant-
third-party defendant in part, and reinstating the 15th and 16th causes
of action in the third amended complaint, as well as the first and
second causes of action in the third-party complaint to the extent
that those causes of action seek "response costs" incurred within six

years of the commencement of the third-party action, and as modified the order is affirmed without costs in accordance with the following Memorandum:  Plaintiffs, Bero Family Partnership (Partnership) and the current and former members thereof, commenced this action seeking, inter alia, damages for the cost of remediating petroleum-contaminated property in the Town of Fayette.  The Partnership acquired the property from Bero Construction, which, during the period of its ownership, stored gasoline, diesel fuel and waste oil in underground storage tanks (USTs) on the property.  The Partnership hired defendant-third-party defendant L.M. Sessler Excavating & Wrecking, Inc. (Sessler) in 1995 to remove the USTs.

The Partnership thereafter sold the property to defendant-third-party plaintiff Donald Elardo in 2000 for less than a quarter of its assessed value.  Pursuant to the purchase and sale contract, Elardo executed and delivered a note and mortgage to plaintiffs John J. Bero, III, Donald G. Bero, II, and Christine M. Moore (collectively Mortgagees).  The note provided in relevant part that, "[i]f [Elardo] learns or is notified that any removal or other remediation of any hazardous substance is necessary, [Elardo] shall promptly take all necessary remedial actions, and will indemnify and hold Mortgagee[s] harmless for all damages, costs and expenses of any kind . . . related to any such removal or remediation, regardless of the source or cause of the contamination or other environmental law violation."

In 2008, the New York State Department of Environmental Conservation (DEC) notified plaintiffs that petroleum contamination had been detected in the former UST pits, and that DEC considered plaintiffs to be responsible for the cleanup and removal of the petroleum discharge.  Pursuant to a stipulation with DEC, plaintiffs completed the cleanup and removal.  Plaintiffs thereafter commenced this action against Elardo, who commenced a third-party action against Sessler.  Plaintiffs later added Sessler as a defendant in the third amended complaint.

Supreme Court properly granted that part of plaintiffs' motion seeking summary judgment on the seventh cause of action, for breach of contract against Elardo, and properly denied that part of Elardo's motion seeking summary judgment dismissing that cause of action. Plaintiffs established as a matter of law that they are entitled to judgment pursuant to the indemnification provision of the note.  The language of that provision, considered in light of the circumstances of the sale of the property, clearly expresses the intention of the parties to the note that Elardo would indemnify plaintiffs for the costs of any environmental remediation (see Drzewinski v Atlantic Scaffold & Ladder Co., 70 NY2d 774, 777; Schreiber v Cimato, 281 AD2d 961, 961-962; see generally Duffy v Hobaica, 170 AD2d 1031, 1032).  The court properly rejected Elardo's contention that the term "hazardous substances" in the indemnification provision was intended not to include petroleum.  The language of the provision expresses the understanding of the parties to the note that Elardo was assuming responsibility for all environmental "remediation, regardless of the source or cause of the contamination" (cf. Time Warner Entertainment Co. v Brustowsky, 221 AD2d 268, 268).  In contrast, nothing in the

record supports Elardo's contention that the parties intended to adopt the definition of "hazardous substance" in the Comprehensive Environmental Response, Compensation, and Liability Act (42 USC § 9601 [14]), which does not include petroleum (*see generally Last Time Beverage Corp. v F & V Distrib. Co., LLC*, 98 AD3d 947, 951-952).

The court also properly rejected Elardo's further contention that the discharge of the mortgage in 2006 extinguished his obligations under the indemnification provision of the note (*see Copp v Sands Point Mar.*, 17 NY2d 291, 293-294; *CIT Group/Bus. Credit, Inc. v Walentas*, 28 AD3d 224, 224). Finally, even if we were to agree with Elardo's further contention that the indemnification provision was intended to benefit the Mortgagees rather than the Partnership, we would nevertheless conclude that his obligations under that provision would remain the same. His obligations are not limited by virtue of the fact that they are owed to only three of the plaintiff partners rather than the Partnership (*see generally Gramercy Equities Corp. v Dumont*, 72 NY2d 560, 565-566).

The court erred, however, in granting those parts of Sessler's motion seeking summary judgment dismissing the 15th and 16th causes of action in the third amended complaint against it, for common-law indemnification and for contribution pursuant to CPLR 1401, respectively, and further erred in granting those parts of Sessler's motion seeking summary judgment dismissing the first and second causes of action in the third-party complaint against it, for violating the Navigation Law and seeking "response costs," including attorneys' fees, incurred by Elardo within six years of the commencement of the third-party action in connection with such violation, and we therefore modify the order accordingly (*see Sunrise Harbor Realty, LLC v 35th Sunrise Corp.*, 86 AD3d 562, 566; *Starnella v Heat*, 14 AD3d 694, 694-695). We agree with Sessler that it may be liable as a discharger under the Navigation Law only if it actively contributed to the contamination of the property by introducing petroleum-contaminated backfill from off site (*see Smith v Cassidy*, 93 AD3d 1306, 1307). We conclude, however, that Sessler failed to establish as a matter of law that it did not introduce such petroleum-contaminated backfill onto the property and, in any event, the opinion of Elardo's expert environmental geologist is sufficient to raise a triable issue of fact with respect to Sessler's liability under the Navigation Law (*see generally Angona v City of Syracuse*, 118 AD3d 1318, 1320-1321). We further conclude that Sessler failed to establish as a matter of law that plaintiffs alone are at fault for the contamination of the property, and thus it failed to establish that plaintiffs should be barred from seeking common-law indemnification or contribution pursuant to CPLR 1401 (*see Sweet v Texaco, Inc.*, 67 AD3d 1322, 1323; *Union Turnpike Assoc., LLC v Getty Realty Corp.*, 27 AD3d 725, 727).

We have considered the parties' remaining contentions and

conclude that none requires further modification of the order.