One Flint St., LLC v Exxon Mobil Corp. (2019 NY Slip Op 00752)





One Flint St., LLC v Exxon Mobil Corp.


2019 NY Slip Op 00752


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1116 CA 18-00971

[*1]ONE FLINT STREET, LLC, AND DHD VENTURES NEW YORK, LLC, PLAINTIFFS,
v
EXXON MOBIL CORPORATION, ET AL., DEFENDANTS.
LOUIS ATKIN AND 15 FLINT STREET, INC., THIRD-PARTY PLAINTIFFS-APPELLANTS,
v
MARTIN T. MARKS, THIRD-PARTY DEFENDANT-RESPONDENT. 






WOODS OVIATT GILMAN LLP, ROCHESTER (GRETA K. KOLCON OF COUNSEL), FOR THIRD-PARTY PLAINTIFFS-APPELLANTS. 
PHILLIPS LYTLE LLP, ROCHESTER (MARK J. MORETTI OF COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered January 26, 2018. The order, among other things, granted the motion of third-party defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying third-party defendant's motion in part and reinstating the first and second causes of action in the third-party complaint as asserted by both third-party plaintiffs, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced the underlying action seeking indemnification from defendants for the environmental response conducted by plaintiffs to remediate two parcels of property on Flint Street in the City of Rochester (the property) that were part of the former oil refinery operations of Vacuum Oil Company, a predecessor of Exxon Mobil Corporation and ExxonMobil Oil Corporation (Exxon defendants). In a prior appeal, we concluded, inter alia, that the Exxon defendants are strictly liable, as dischargers under Navigation Law § 181 (1), for the cleanup and removal costs associated with the discharge of petroleum products at the property (One Flint St., LLC v Exxon Mobil Corp., 112 AD3d 1353, 1354 [4th Dept 2013], lv dismissed 23 NY3d 998 [2014]). Defendants-third-party plaintiffs Louis Atkin and 15 Flint Street, Inc. (15 Flint) (collectively, third-party plaintiffs) subsequently commenced this contractual indemnification action against third-party defendant Martin T. Marks seeking, among other things, a declaration that, under a contract in which Atkin conveyed the property to Marks, Marks is obligated to indemnify third-party plaintiffs for any costs incurred with respect to the environmental conditions at the property, including attorney's fees incurred in connection with defending the underlying action and in prosecuting the third-party action. Third-party plaintiffs appeal from an order that granted Marks' motion for summary judgment dismissing the third-party complaint and denied their cross motion for summary judgment on their contractual indemnification causes of action. We modify the order by denying Marks' motion in part and reinstating the first and second causes of action in the third-party complaint as asserted by both third-party plaintiffs.
As a preliminary matter, we note our difficulty in reviewing this case inasmuch as Supreme Court did not set forth its reasoning for its determination.
We agree with third-party plaintiffs that the court erred in granting Marks' motion with respect to their indemnification causes of action. In a case of contract interpretation, the "party seeking summary judgment has the burden of establishing that the construction it favors is the only construction which can be fairly placed thereon" (Auburn Custom Millwork, Inc. v Schmidt & Schmidt, Inc., 148 AD3d 1527, 1529 [4th Dept 2017] [internal quotation marks omitted]; see Arrow Communications Labs. v Pico Prods., 206 AD2d 922, 922-923 [4th Dept 1994]) and, here, Marks failed to meet that burden (see generally Maven Tech., LLC v Vasile, 147 AD3d 1377, 1378 [4th Dept 2017]; Gilpin v Oswego Bldrs., Inc., 87 AD3d 1396, 1398 [4th Dept 2011]; St. Mary v Paul Smith's Coll. of Arts & Sciences, 247 AD2d 859, 859-860 [4th Dept 1998]).
The purchase contract provided that a "Phase One Environmental report" had been completed on the property and that Marks, the "Buyer" of the property, was in receipt of the environmental report and "approve[d] of same." The contract further provided that Atkin was the "Seller," the property "was not in compliance with federal, state and/or local laws/ordinances," the Buyer agreed to purchase the property "as is," the "Buyer accept[ed] the property as is, with no representations or warranties as to environmental conditions" of the property, and the Buyer "release[d] and indemnifie[d] Seller with respect to any claims as to environmental conditions on or related to the property." Thus, the terms of the contract establish that, prior to entering into the contract, both Atkin and Marks were generally aware of the property's historical environmental contamination by the Exxon defendants and their predecessor, and the language in the indemnification provision, considered in light of the contract as a whole and the circumstances of the sale of the property, clearly and unambiguously expresses the intent of the parties that the Buyer would indemnify the Seller with respect to any claims regarding environmental conditions related to the property (see Bero Family Partnership v Elardo, 122 AD3d 1279, 1280-1281 [4th Dept 2014]; see generally W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]; M.J. Peterson Real Estate v Krantz, 226 AD2d 1079, 1079 [4th Dept 1996]).
We reject the further contention of third-party plaintiffs, however, that the indemnification language in the contract is broad enough to encompass their recovery of attorney's fees to defend the underlying action and to prosecute their third-party action. When a party has no legal duty to indemnify, a contract requiring that the party assume such an obligation must be strictly construed in order to avoid reading into the contract the imposition of a duty that the parties did not intend (see Levine v Shell Oil Co., 28 NY2d 205, 211 [1971]; Kurek v Port Chester Hous. Auth., 18 NY2d 450, 456 [1966]). Inasmuch as the contract does not clearly express that the parties intended that the indemnification provision cover attorney's fees (see Niagara Frontier Transp. Auth. v Tri-Delta Constr. Corp., 107 AD2d 450, 453 [4th Dept 1985], affd 65 NY2d 1038 [1985]; Bero Family Partnership, 122 AD3d at 1281), we conclude that the court properly granted that part of Marks' motion for summary judgment dismissing third-party plaintiffs' third cause of action (see Schreiber v Cimato, 281 AD2d 961, 962 [4th Dept 2001]).
Notwithstanding our conclusion that the court erred in determining that the indemnification provision was inapplicable to the underlying action as a matter of law, we reject third-party plaintiffs' contention that they are entitled to summary judgment on the issue whether Marks is personally liable under the indemnification provision of the contract. Here, the transmittal letter that Marks' attorney sent to Atkin's attorney with the executed contract states that "Martin T. Marks" had executed the contract, the body of the contract identifies Marks as the "Buyer," and all attendant rights and obligations under the contract related to the "Buyer." The contract further provides, however, that Marks signed the contract "on behalf of an entity to be formed," and the parties now disagree whether they intended that Marks be personally bound by the contract's indemnification provision. Although it is well settled that "[a]n individual who acts on behalf of a nonexistent corporation can be held personally liable" (Production Resource Group L.L.C. v Zanker, 112 AD3d 444, 445 [1st Dept 2013]; see J.N.K. Mach. Corp. v TBW, LTD., 155 AD3d 1611, 1612 [4th Dept 2017]; see also Bay Ridge Lbr. Co. v Groenendaal, 175 AD2d 94, 96 [2d Dept 1991]; Clinton Invs. Co., II v Watkin, 146 AD2d 861, 863 [3d Dept 1989]), the determination "[w]hether a person is personally obligated on a preincorporation transaction depends on the intention of the parties" (Universal Indus. Corp. v Lindstrom, 92 AD2d 150, 151 [4th Dept 1983]). Inasmuch as the intention of the parties is not clear from the contract, third-party plaintiffs failed to establish that they are entitled to summary judgment on the issue of whether Marks is personally liable under the contract's indemnification provision (see generally Rotuba Extruders v Ceppos, 46 NY2d 223, 231 [1978]; Brinson v Kulback's & [*2]Assoc., 296 AD2d 850, 852 [4th Dept 2002]).
We also reject third-party plaintiffs' contention that they are entitled to summary judgment on the issue whether 15 Flint is a third-party beneficiary under the contract. We agree with third-party plaintiffs, however, that the court erred insofar as it granted Marks' motion to the extent that he sought summary judgment dismissing the first and second causes of action in the third-party complaint as asserted by 15 Flint. In determining whether a party is an intended beneficiary, "the intention of the promisee is of primary importance, since the promisee procured the promise by furnishing consideration therefor" (Drake v Drake, 89 AD2d 207, 209 [4th Dept 1982]). Here, questions of fact exist whether Atkin, "the promisee[,] intend[ed] to give [15 Flint,] the beneficiary[,] the benefit of the promised performance" (DeLine v CitiCapital Commercial Corp., 24 AD3d 1309, 1311 [4th Dept 2005] [internal quotation marks omitted]; see generally Fourth Ocean Putnam Corp. v Interstate Wrecking Co., 66 NY2d 38, 44 [1985]).
Finally, in light of our determination, we do not address the contention of third-party plaintiffs that the court erred in failing to declare the rights of the parties under the contract when it granted Marks' motion for summary judgment dismissing the third-party complaint. Although it generally is improper for a court to simply grant a motion seeking dismissal of a declaratory judgment cause of action rather than declaring the rights of the parties with respect thereto (see Olinsky v CNA Ins. Cos., 261 AD2d 886, 886 [4th Dept 1999]; Tigue v Commercial Life Ins. Co., 219 AD2d 820, 820-821 [4th Dept 1995]), a judgment declaring the rights and obligations of the parties under the contract would be premature inasmuch as there are issues of material fact whether Marks is personally liable to Atkin for contractual indemnification and whether 15 Flint is an intended third-party beneficiary under the contract.
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court